UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LENA REYES,
                    Appellant,

                    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
AT-0845-19-0216-I-1

DATE: May 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lena Reyes, Safety Harbor, Florida, pro se.

Carla Robinson, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of Board jurisdiction her appeal of a reconsideration decision issued by the Office of Personnel Management (OPM) finding that she received an overpayment of benefits under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we VACATE the initial decision, as the appellant did not receive her jurisdictional notice and an opportunity to establish Board jurisdiction prior to its issuance. We FIND that on review, after the appellant received explicit information on what was required to establish jurisdiction, she failed to meet her burden of establishing Board jurisdiction, as OPM completely rescinded its reconsideration decision.

## BACKGROUND

On January 11, 2019, OPM issued a reconsideration decision, affirming its earlier finding that the appellant received an overpayment of FERS benefits. Initial Appeal File (IAF), Tab 5 at 12-17. After accounting for adjustments, OPM determined that the appellant received a $10,901.79 overpayment, and set forth a collection schedule to begin on April 1, 2019.[2] *Id*. at 13-17. The appellant timely filed this instant Board appeal contesting OPM's reconsideration decision. IAF, Tab 1; *see* 5 C.F.R. § 1201.22(b)(1).

---

[2] The collection schedule was 33 monthly installments of $321, with a final installment of $308.79, to be collected against the monthly FERS benefit payment made to the appellant. IAF, Tab 5 at 14.

On March 28, 2019, during the adjudication of this appeal, OPM filed a pleading with the Board advising that it rescinded its January 11, 2019 reconsideration decision, and would remand the appellant's case to the appropriate OPM office for further development. IAF, Tab 7 at 4. In response, the appellant sought the Board to retain jurisdiction over her appeal. IAF, Tab 9. The administrative judge then issued an initial decision, finding that because OPM rescinded its reconsideration decision, the Board lacked jurisdiction to adjudicate the merits of this appeal. IAF, Tab 10, Initial Decision (ID) at 1-2.

The appellant filed a petition for review of the initial decision to which OPM responded. Petition for Review (PFR) File, Tabs 1, 4. Then, on July 29, 2019, the Office of the Clerk of the Board issued the parties an order addressing two issues. PFR File, Tab 6. First, evidence in the record suggested that OPM started collecting the overpayment from the appellant prior to the March 28, 2019 notice that it rescinded its reconsideration decision. IAF, Tab 5 at 8, 12-14, Tab 7 at 4; PFR File, Tab 6 at 1-2. It was unclear if OPM reimbursed the appellant any of the collected amount after rescission of its reconsideration decision. Second, a review of the record revealed that the appellant did not receive notice of her jurisdictional burden and an opportunity to establish Board jurisdiction over this appeal, so the order provided such notice. PFR File, Tab 6 at 2-3. The Clerk of the Board provided both parties with the opportunity to file argument and evidence on these issues.[3] Id. at 3. Both parties responded to the order. PFR File, Tabs 7-8.

---

[3] The parties had an opportunity to file a response to any pleading filed by the opposing party. PFR File, Tab 6 at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We vacate the initial decision because the appellant did not receive her jurisdictional notice and an opportunity to establish Board jurisdiction prior to its issuance.</u>

The U.S. Court of Appeals for the Federal Circuit and the Board have repeatedly held that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue before the Board, i.e., a *Burgess* notice, and an opportunity to prove jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *see Kent v. Office of Personnel Management*, 123 M.S.P.R. 103, ¶ 10 (2015). Here, the administrative judge erred, as she failed to provide the appellant with the proper *Burgess* notice and an opportunity for the appellant to prove that she satisfied her jurisdictional burden before issuing the initial decision dismissing this appeal for lack of jurisdiction. ID at 1-2; *see Frank v. Office of Personnel Management*, 113 M.S.P.R. 164, ¶¶ 4-5 (2010) (outlining that after OPM rescinded its final decision, the administrative judge ordered the appellant to demonstrate why his Board appeal should not be dismissed for lack of jurisdiction and/or mootness and provided him with an opportunity to respond prior to dismissing the appeal). Although the administrative judge issued an order outlining the parties' burdens in regards to the merits applicable to this appeal, it did not contain any notice of the Board's jurisdictional requirements. IAF, Tab 3. On review, the appellant, proceeding pro se, states that she does not understand why the initial decision dismissed her appeal for lack of jurisdiction and that she is unaware of the Board's "processes and procedures." PFR File, Tab 1 at 1.

Because the appellant did not receive her jurisdictional notice followed by an opportunity to establish Board jurisdiction prior to the issuance of the initial decision, nor was this error cured by other prescribed means, we must vacate the initial decision. *See Alvarez v. Department of Homeland Security*, 112 M.S.P.R. 434, ¶¶ 1, 9-10 (2009) (vacating an initial decision because the administrative judge did not issue the appellant a *Burgess* notice with an opportunity to show

Board jurisdiction); *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007) (outlining the ways to cure a *Burgess* notice defect). On review, the Clerk of the Board issued the appellant an order containing explicit information on her jurisdictional burden in this appeal and provided her with an opportunity to submit argument and evidence to meet her burden, satisfying *Burgess*. PFR File, Tab 6 at 2-3. The appellant responded to the order. PFR File, Tab 8. As a result, this appeal is now ripe for a jurisdictional determination.

<u>OPM completely rescinded its reconsideration decision, divesting the Board of jurisdiction over this appeal.</u>

The Board generally has jurisdiction to review an OPM determination affecting an appellant's rights or interests under a retirement system only after OPM issues a final or reconsideration decision. *Tatum v. Office of Personnel Management*, 82 M.S.P.R. 96, ¶ 7 (1999). An appellant bears the burden of establishing Board jurisdiction over an appeal contesting an OPM reconsideration decision by preponderant evidence.[4] *Miller v. Office of Personnel Management*, 123 M.S.P.R. 68, ¶ 7 (2015); 5 C.F.R. § 1201.56(b)(2)(i)(A). If OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). OPM's unilateral modification of a reconsideration decision after a Board appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or unless OPM completely rescinds the decision being appealed.[5] *Id.* In order for the rescission of an OPM reconsideration decision to be complete, an appellant must be restored to status quo ante, and if she has not been, the appeal remains within the Board's jurisdiction. *Id.*, ¶ 10. This means that any monies collected by OPM against an overpayment as

---

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[5] There is no evidence in the record that the appellant consented to any divestiture.

determined in a reconsideration decision must be repaid to an appellant before rescission is complete. *Id.*

The record reflects that on August 2, 2019, OPM finished completely rescinding its reconsideration decision at issue. The record, to include the pleadings filed by the parties on review, shows: (1) OPM issued the appellant notice that it was rescinding its reconsideration decision concerning her overpayment of FERS benefits; (2) OPM ceased its collection of the overpayment against the appellant; (3) OPM refunded the appellant $1,926—the amount it collected against the overpayment—and the appellant received the refund;[6] and (4) OPM restored the appellant to status quo ante. IAF, Tab 7 at 4; PFR File, Tab 7 at 4-7, Tab 8 at 1-2. Therefore, we find that OPM completely rescinded its reconsideration decision regarding the appellant receiving an overpayment of FERS benefits, leaving the Board without jurisdiction to adjudicate the merits of this appeal.[7] *See Glasgow v. Office of Personnel Management*, 103 M.S.P.R. 531, ¶ 5 (2006).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[6] From February 2019 through July 2019, OPM collected $321 per month from the appellant, which reflects the collection amount from the rescinded reconsideration decision. PFR File, Tab 7 at 4, 6; *see* IAF, Tab 5 at 14.

[7] If OPM issues a new reconsideration decision, the appellant may file an appeal with the appropriate Board office if she disagrees with that reconsideration decision. *See Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶¶ 5-7 (2008).

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.